**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ORVEL WINSTON LLOYD,

    Plaintiff,

v.                                                              Case No. 3:10-cv-559-J-32JRK

CHARITY BENTON, et al.,

    Defendants.

## ORDER

### I. Status

Plaintiff was an inmate in the custody of the Florida Department of Corrections (hereinafter FDOC[1]) when he initiated this case by filing a pro se Complaint and Demand for Jury Trial (Doc. #2) (hereinafter Complaint) in state court on February 18, 2010. The Defendants removed this case from state court to this Court on June 30, 2010. Thereafter, this Court noted that Plaintiff was a "three strikes"[2] litigant and required the parties to file briefs addressing whether Plaintiff should be permitted to circumvent the "three strikes" provision in this case by filing his removable claims in state court.

---

[1] Plaintiff was released from the custody of the FDOC on May 5, 2013, see http://www.dc.state.fl.us/InmateReleases, and is currently incarcerated at the Nassau County Jail.

[2] The Prison Litigation Reform Act (hereinafter PLRA) prohibits a prisoner who is proceeding as a pauper from bringing a civil action or appeal in federal court if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief may be granted (unless the prisoner is under imminent danger of serious physical injury). See 28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" provision.

On December 13, 2010, this Court entered an Order (Doc. #21) granting Plaintiff's request to remand this case to state court.  The Defendants appealed and the Eleventh Circuit reversed this Court's decision, finding that this Court lacked legal authority to remand the case to state court.  See Lloyd v. Benton, 686 F.3d 1225, 1228 (11th Cir. 2012).[3]

Thereafter, Plaintiff filed an Amended Complaint (Doc. #35), naming the following Defendants: (1) Paul Decker, the Warden of Putnam Correctional Institution (hereinafter PCI); (2) Charity Benton, a correctional officer at PCI; (3) P. A. Smith, a classification officer; (4) Ms. Zucker, a classification officer; and (5) Glenn Tappan, a Lieutenant at PCI.  Plaintiff contends that Defendant Benton manufactured a false disciplinary report against Plaintiff and had him placed in disciplinary confinement for thirty-four days.  He claims that the Defendants subjected him to cruel and unusual punishment because the disciplinary confinement cell was not heated, the window in the cell was broken, the temperatures were so cold during this time period that there was ice in the sink, there was no heat in the cell, Plaintiff had only shower shoes and socks with holes in them to wear, he had only a small blanket with holes in it, and he was forced to take showers in freezing water.  Plaintiff asserts that he caught the flu as a result of these conditions.

---

[3] In reversing, the Eleventh Circuit left it up to this Court to decide what to do next.  The Court ordered Plaintiff to file an amended complaint, which Defendants have moved to dismiss.

This cause is before the Court on Defendants' Benton, Smith and Zucker's Motion to Dismiss Plaintiff's Amended Complaint[4] (Doc. #40) (hereinafter Motion to Dismiss).[5] Plaintiff has responded.[6] See Plaintiff Orvel Lloyd's Response and Motion to the Court to Deny the Defendants Benton, Smith and Zucker's Motion to Dismiss (Doc. #41) (hereinafter Plaintiff's Response). Thus, the Motion to Dismiss is ripe for review.

## II. Law and Conclusions[7]

Defendants assert, and this Court agrees, that Plaintiff's Amended Complaint should be dismissed as an abuse of the judicial process for Plaintiff's lying about the existence of his previous lawsuits. Defendants' Motion to Dismiss at 16-18. On the Amended Complaint form, Section III.(A) states the following: "Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?" Amended Complaint at 2. There are parenthetical areas to mark either yes or no. Plaintiff marked no. Id. Additionally, Section III.(B) of the

---

[4] The Court dismissed Defendants Decker and Tappan from this case on August 7, 2013. See Order (Doc. #42).

[5] Defendants appended several exhibits (hereinafter Ex.) to their Motion to Dismiss.

[6] The Court advised Plaintiff of the provisions of Fed. R. Civ. P. 56 and notified him that the granting of a motion to dismiss may represent an adjudication of this case which may foreclose subsequent litigation on the matter. See the Court's Order (Doc. #36) at 4-5.

[7] The Court recognizes that ordinarily "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). However, for the reasons hereinafter stated, the Court will not address whether Plaintiff has stated a plausible claim because the Court has determined that this case will be dismissed for Plaintiff's abuse of the judicial process.

3

Amended Complaint form states the following: "Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?" Id. Again, Plaintiff marked no in the parenthetical areas after this question. Id. Section III.(D) of the Amended Complaint form states the following: "Have you initiated lawsuits or appeals from lawsuits in federal court that have dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted?  If so, identify these suits below by providing the case number, the style, and disposition of each case[.]" Id. at 2-3. Plaintiff left the spaces below this question blank. Id. at 3.  At the end of the Amended Complaint, Plaintiff signed his name after the following statement on the form:  "I declare under penalty of perjury that the foregoing is true and correct." Id. at 7.

     Defendants contend that, at the time Plaintiff filed his Amended Complaint, he had filed fifteen previous cases in federal district courts, twelve appeals in federal appellate courts, and at least twenty-nine cases in state court.[8]  See Defendants' Motion to Dismiss at 4-5. This Court, through review of the PACER website, see https://pcl.uscourts.gov, has confirmed that Plaintiff filed the following civil rights actions in federal district courts prior to filing his Amended Complaint in this action:

---

[8] This Court was unable to verify Plaintiff's filings in state court, but notes that Plaintiff has filed at least one case in state court concerning the conditions of his confinement because Defendants' counsel asserts that she is currently representing the defendants in Case No. 2011-CA-17, filed by Plaintiff in Hardee County. See Motion to Dismiss at 5. Additionally, the website of the Clerk of the Nassau County Court reflects that Orvel Winston Lloyd was the plaintiff in nine cases in that court, but it does not show whether the suits concerned the conditions of his imprisonment. See http://www.nassauclerk.com/cocoa/public/search.cfm.

      (1) 1:88-cv-591 (D. Md.);
      (2) 1:88-cv-1404 (D. Md.);
      (3) 1:88-cv-2951 (D. Md.);
      (4) 1:96-cv-120 (D. Md.);
      (5) 1:05-cv-2744 (D. Md.);
      (6) 1:06-cv-457 (D. Md.);
      (7) 1:06-cv-1159 (D. Md.);
      (8) 3:04-cv-566 (M.D. Fla.);
      (9) 3:05-cv-767 (M.D. Fla.);
      (10) 3:06-cv-689 (M.D. Fla.);
      (11) 3:07-cv-547 (M.D. Fla.);
      (12) 3:07-cv-755 (M.D. Fla.);
      (13) 3:08-cv-1109 (M.D. Fla.);
      (14) 3:12-cv-871 (M.D. Fla.);
      (15) 3:12-cv-963 (M.D. Fla.);
      (16) 3:13-cv-142 (M.D. Fla.);
      (17) 4:08-cv-510 (N.D. Fla.);
      (18) 4:08-cv-547 (N.D. Fla.);
      (19) 1:08-cv-1830 (D. D.C.).

Additionally, the Court takes judicial notice of the following cases that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted: (1) Case No. 3:04-cv-566-J-16MCR (M.D. Fla.) (dismissed for failure to state a claim upon which relief may be granted); (2) Case No. 3:07-cv-755-J-33HTS (M.D. Fla.) (dismissed as an abuse of the judicial process for Plaintiff's failure to respond accurately to questions on the complaint form regarding his previous filings[9]); (3) Case No. 4:08cv510-RH/WCS (N.D. Fla.) (dismissed as an abuse of the judicial process for Plaintiff's failure to respond accurately to questions on the complaint form regarding his previous filings); (4) Case No. AMD-06-457 (D. Md.) (dismissed on the basis of prosecutorial immunity and for failure to state a claim

---

[9] In Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), the court found that a "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)."

upon which relief may be granted); and (5) Case No. AMD-06-1159 (D. Md.) (dismissed on the basis of prosecutorial immunity and for failure to state a claim upon which relief may be granted).

In Plaintiff's Response, Plaintiff does not explain why he indicated that he did not have any previous filings in state or federal court, nor does he provide a reason for failing to disclose any of his previous filings. As noted previously, both Case No. 3:07-cv-755-J-33HTS and Case No. 4:08cv510-RH/WCS (N.D. Fla.) were dismissed as an abuse of the judicial process for Plaintiff's failure to respond accurately to questions on the complaint form regarding his previous filings. In Case No. 3:07-cv-755-J-33HTS, this Court warned Plaintiff that "[i]t is imperative that Plaintiff notify the Court of his previously-filed cases in the federal and state courts." Case No. 3:07-cv-755-J-33HTS, Order of Dismissal Without Prejudice (Doc. #5) at 2. Thus, the Court is convinced that Plaintiff was aware of his responsibility to advise the Court regarding his previous filings and that he intentionally answered the questions regarding his previous filings in state and federal court falsely.

Therefore, this Court agrees with Defendants that an appropriate sanction would be to dismiss this case for Plaintiff's abuse of the judicial process in intentionally failing to provide the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure. See Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (per curiam) (finding that the dismissal of a pro se state inmate's § 1983 action as a sanction for providing false information on a complaint form concerning his prior filing history was not an abuse of discretion); Defendants' Motion to Dismiss at 16-18.

This Court recognizes that even if this Court were to dismiss this case without prejudice as a sanction for Plaintiff's abuse of the judicial process, such dismissal would be tantamount to a dismissal with prejudice because it appears that Plaintiff's claims would be barred by the four-year statute of limitations if he were to refile his claims.[10]

> This Court has instructed that, where a dismissal without prejudice has the effect of precluding a plaintiff from refiling his claim due to the running of the statute of limitations, the dismissal is "tantamount to a dismissal with prejudice, a drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice." Burden v. Yates, 644 F.2d 503, 505 (5th Cir. 1981) (internal quotation marks omitted); see also Boazman v. Econ. Lab., Inc., 537 F.2d 210, 213 (5th Cir. 1976) (holding "that where the dismissal is without prejudice, but the applicable statute of limitations probably bars further litigation," we apply the "stricter" standard of review that we ordinarily employ when reviewing a dismissal with prejudice). . . .
>
> . . . .
>
> A dismissal with prejudice is a sanction of last resort, and is only proper if the district court finds "both a clear record of willful conduct and a finding that lesser sanctions are inadequate." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006). Moreover, "findings satisfying both prongs of [the] standard are essential before dismissal with prejudice is

---

[10] The Amended Complaint is not a model of clarity, but from a review of the initial Complaint, it appears that the disciplinary report at issue was written by Defendant Benton on December 4, 2009, and charged Plaintiff with making threats over the telephone. Complaint at 7; see also Ex. B at 2 (noting in a grievance response that Plaintiff's disciplinary report for a spoken threat was written on December 4, 2009, and he was found guilty of that offense on December 8, 2009). As punishment, Plaintiff received thirty days of disciplinary confinement, a loss of sixty days of current gain time and a loss of sixty days of future gain time. Complaint at 8. Accordingly, it appears that the disciplinary confinement at issue would have ended by the middle of January, 2010.

> appropriate." Betty K Agencies,[11] 432 F.3d at 1339. While we have "occasionally inferred" a finding that lesser sanctions are inadequate, as in cases "where lesser sanctions would have 'greatly prejudiced' defendants," we have never suggested that the district court is relieved of its obligation to make that finding in the first instance. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).

Perry v. Zinn Petroleum Co., LLC, 495 F. App'x 981, 984-85 (11th Cir. 2012) (per curiam) (footnote omitted).

Here, this Court is convinced that Plaintiff purposefully and willfully lied in response to the questions on the Amended Complaint form regarding his previous filings. Lesser sanctions are not appropriate because Plaintiff is a pauper[12] and therefore imposing monetary sanctions would be ineffective. Moreover, this Plaintiff has shown that he is a frequent and abusive litigator in this Court. He has been sanctioned in the past by having two cases dismissed without prejudice for lying under penalty of perjury regarding the existence of previous lawsuits; however, he continues to engage in such behavior. Thus, this Court concludes that dismissal with prejudice is an appropriate sanction under these circumstances.

---

[11] Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333 (11th Cir. 2005).

[12] As noted in the Court's Order (Doc. #21), before this case was removed from state court, the state court found Plaintiff to be indigent. Plaintiff remains incarcerated, thus it does not appear that he has a regular source of income.

Because this Court has found that the claims raised in Plaintiff's Amended Complaint are due to be dismissed for Plaintiff's abuse of the judicial process, the Court will not reach the remaining arguments raised in the Motion to Dismiss.[13]

Therefore, it is now

**ORDERED:**

1. Defendants' Benton, Smith and Zucker's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #40) is **GRANTED** to the extent that this case is hereby **DISMISSED WITH PREJUDICE** for the reasons stated above.

2. The **Clerk** enter judgment accordingly and close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of March, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

ps 3/6
c:
Orvel Winston Lloyd
Counsel of Record

---

[13] However, this Court also agrees with Defendants' contentions that Plaintiff's Eighth Amendment claim is due to be dismissed because Plaintiff failed to exhaust his available administrative remedies with respect to that claim and that Plaintiff's remaining claim (Defendant Benton falsely charged Plaintiff in the December 4, 2009 disciplinary report) is foreclosed under Heck v. Humphrey, 512 U.S. 477 (1994), and its progeny.